### S. A. Thompson v. E. L. Gage.

#### No. 7444.

**Defense to Promissory Note.** — Suit on promissory note payable November 15, 1888. Answer alleged that the payee of the note had borrowed $21,000, payable December 1, 1888, and that as security therefor he had included in a mortgage a tract of 640 acres of land owned by the defendant, held by title bond from the plaintiff, which was not recorded. That plaintiff without consent of the defendant had contracted for an extension of his (plaintiff's) note and mortgage; that by parol agreement before the loan and in consideration of the use of defendant's land as security the plaintiff had let defendant have $525 of the borrowed money, for which the note sued on was executed; that it was the implied understanding between the parties that the plaintiff would pay the borrowed money at maturity, and thereby release the land of defendant included in the mortgage. Demurrer to the answer was sustained. *Held*, we can only hold the facts pleaded as a defense upon the theory that defendant was bound to pay the note only upon the plaintiff paying his own note and releasing the land from the mortgage. This can not be done, because defendant's note was due half a month before the plaintiff's, and the assumed theory would be making a new contract.

Appeal from Jeff Davis. Tried below before Hon. Winchester Kelso.

No statement is necessary.

*W. O. Read* and *West & McGown,* for appellant.—The court below erred in sustaining plaintiff's general demurrer to defendant's original answer, because the implied contract to extend the payment of defendant's note until plaintiff was required to pay the amount originally borrowed, and to secure which plaintiff used a portion of defendant's land, is a good defense to this suit.

*Walter Gillis* and *W. W. Turney,* for appellee.—Appellant's original answer shows no implied contract on the part of appellee Gage to extend the time of payment of the note sued upon until he (Gage) had paid off his note to the Western Mortgage Company, and such implied contract, if any ever existed, is not sufficiently shown by the pleadings to constitute a defense to this suit when specially excepted to.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by the appellee upon a promissory note executed to him by the appellant.

The defense was in substance as follows: Gage owned the legal title to several sections of land lying in a body, but he had executed to Thompson a bond for title to one of them, which bond had not been recorded. Gage desired to borrow money on the security of a mortgage upon all of the land.

The answer alleges these facts, and proceeds as follows: "Defendant says he consented for plaintiff to include in the aforesaid deed of trust the aforesaid 640 acres of land (which was the section equitably owned by the defendant), and as a part consideration therefor was to receive from plaintiff of the money received by plaintiff on the aforesaid loan the sum of $525, with the promise on the part of plaintiff and the agreement and understanding by and between plaintiff and defendant, when said deed of trust was executed by plaintiff, and when the note herein sued on was executed by the defendant, and as a part of the consideration for the execution of said note, that plaintiff would at the maturity of his aforesaid note pay off and discharge the same and procure the release of the aforesaid lien on defendant's land."

The answer charges, that Gage made a mortgage on all the land to secure his note for the sum of $21,000, dated the 24th day of April, 1884, and payable on the 1st day of December, 1888; that plaintiff let defendant have $525 of the money, for which defendant executed the note in controversy, which was made payable on the 15th day of November, 1888; that plaintiff failed to pay his own note at the maturity thereof or to discharge said mortgage, but on the contrary, he, on the 24th day of March, 1889, without the knowledge or consent of defendant, procured an extension of the time of his note until the 1st day of December, 1893, and continued the mortgage until that date. The court sustained a general demurrer to this answer.

We can not treat the facts alleged as absolving the defendant from his obligation to pay his note, without holding that the contract between the parties should be construed as binding the defendant to pay his note only in the event of the payment by the plaintiff of his own note and the discharge of the mortgage. But the contract will not permit us to do this, as defendant promised to pay his debt a half-month before plaintiff's debt was due. Were we to so hold, we would not be

construing the contract made for themselves by the parties, but we would be making another and different one for them.

Some of the circumstances of the transaction indicate not only that it was the intention of the parties that the defendant should have the use of the proportionate part of the money represented by his land, but also that when he should pay it back to the plaintiff it would be for the purpose of its being used to aid in the discharge of the mortgage. These circumstances are not, however, sufficient to overcome the express agreement about the time of payment.

The result of the transactions possibly may cause some loss to the defendant, but we do not see how it can deprive him of his ultimate remedy upon plaintiff's title bond. If he has other rights, they were not made to appear in his answer. The facts stated in it were not a bar to plaintiff's recovery on the note.

The demurrer was properly sustained, and the judgment must be affirmed.

*Affirmed.*

Delivered May 20, 1892.